# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 7, 2020

Lyle W. Cayce
Clerk

No. 19-50408

THOMAS HOLMAN,

*Plaintiff—Appellant*,

*versus*

BRYAN COLLIER; JOHN DOE x14; JANE DOE x6,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-1069

Before CLEMENT, HO, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Plaintiff Thomas Holman, proceeding pro se, appeals the district court's decision dismissing his § 1983 claims as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and frivolous under 28 U.S.C. § 1915(e).[1]

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

[1] We note that a suit may be dismissed under 28 U.S.C. § 1915(e) only when the suit is brought in forma pauperis (IFP)—and Holman paid the filing fee in this case. We find the district court's error on this point to be harmless, however, because 28 U.S.C.

No. 19-50408

Holman alleges that Defendants wrongfully imprisoned him for nearly four months, denied him access to a lawyer, held a parole hearing in his absence and without notice, and forced him to work without compensation. He further alleges that he was raped in prison. Holman seeks $7.3 million in damages.

We construe pro se briefs liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). So "[w]e will not raise and discuss legal issues" that Holman has "failed to assert." *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). In short, Holman "does not address the merits of the [district court] opinion." *Id.* Indeed, he fails to make "even the slightest identification of any error in [the court's] legal analysis or its application," *id.*, opting instead to repeat his factual allegations and list some legal authorities without analysis. It is thus as if Holman "had not appealed [the] judgment," *id.*, and we dismiss this appeal as frivolous. 5TH CIR. R. 42.2.

Both our dismissal and the district court's dismissal count as strikes under 28 U.S.C. § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015). Holman is cautioned that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. 28 U.S.C. §§ 1915(g)–(h). As Holman is not proceeding in forma pauperis in the instant appeal, he is also warned that sanctions may be imposed in response to future frivolous filings.

---

§ 1915A(b)(1) imposes an identical "frivolousness" standard on all civil actions brought by a prisoner against a governmental officer.